## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:20-CR-242-ALM-KPJ |
| § | |
| ENRIQUE ACOSTA GONZALEZ (1) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Enrique Acosta Gonzalez's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 14, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Will Tatum.

Defendant was sentenced on May 6, 2021, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Alien, a Class E felony. This offense carried a statutory maximum imprisonment term of Two (2) years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of II, was 1 to 7 months. Defendant was subsequently sentenced to seven (7) months imprisonment followed by one (1) year of supervised release, subject to the standard conditions of release, plus special conditions to include surrender to a duly authorized immigration officer for deportation, financial disclosure, not possess or consume alcohol, and participate in substance abuse and mental health treatment. On September 24, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On September 21, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 34, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) You must not commit another federal, state, or local crime; and (2) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame [Dkt. 34 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On September 20, 2022, in Dallas County, Texas, Defendant committed the offense of Fail to Identify Fugitive Intent to Give False Info, a class A Misdemeanor; and (2) Defendant was released from the Texas Department of Corrections on September 24, 2021 and he failed to report to the US Probation office within 72 hours. His whereabouts are unknown [Dkt. 34 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 43; 44].

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of four (4) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in North Texas, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE